SEP 9 2026 PM2:57
FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:26-cr-281-TPB-GDP
18 U.S.C. § 1951
(Conspiracy to Commit Hobbs Act Robbery)

DARELL CHARLES

**INFORMATION**

The United States Attorney charges:

Beginning on an unknown date, but no later than on or about September 2018, and continuing through on or about October 2018, in the Middle District of Florida and elsewhere, the defendant,

DARELL CHARLES,

did knowingly and willfully conspire with other persons, both known and unknown—in any way and degree—obstruct, delay, and affect commerce, as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any articles and commodities in commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property consisting of a cellular telephone, wallet and United States currency, from the person and in the presence of another, against a person's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the person.

In violation of 18 U.S.C. § 1951(a) and (b).

**FORFEITURE**

1. The allegations contained in Count One is incorporated by reference for the purpose of alleging forfeiture, pursuant to provisions of 18 U.S.C. §§ 924(d) and 981(a)(1)(C), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1951, the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation, and, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

GREGORY W. KEHOE
United States Attorney

By: ______________________________
Diego F. Novaes
Deputy Chief, Violent Crime and Racketeering Section

By: ______________________________
James C. Preston, Jr.
Assistant United States Attorney
Chief, Violent Crime and Racketeering Section